# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3785 | **DATE** | 6/26/2012 |
| **CASE TITLE** | Henson vs. Canon | | |

**DOCKET ENTRY TEXT**

Henson's Motion to Proceed *In Forma Pauperis* and her Motion for Appointment of Counsel are denied.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Lisa Henson ("Henson") moves to proceed *in forma pauperis* without the full prepayment of filing fees, and also moves for appointment of counsel, in her suit against her former employer Canon Business Solutions pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. For the reasons stated below, Henson's Motion to Proceed *In Forma Pauperis* and her Motion for Appointment of Counsel are denied.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Henson to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Henson need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed if payment of the filing fee will prevent her from providing for life's necessities. *See Id*. According to Henson's financial affidavit, she is currently employed at Henson's Healthcare Placement, Inc., yet reports $0 in monthly salary or wages from this employer. Henson was formerly employed at T-Mobile USA from August 2, 2010 until October 11, 2011, earning $5,000 per month. She currently receives $1,100 per month in unemployment assistance and has no spouse or dependents. She owns one automobile valued at $12,000, has $3,000 in savings and $2,500 in stocks. Henson owns a condominium valued at $120,000, but reports negative equity in the property and her monthly mortgage payments are $1,500. Based on these facts, Henson's financial affidavit has set forth that she is able to both pay the mandated court fees and still provide for life's necessities.[1]

Henson asserts that she is an African-American female, and alleges that she filed a discrimination charge against defendant Canon Business Solutions with the Equal Employment Opportunity Commission ("EEOC") in April 2009. This claim was subsequently dropped. Henson alleges that Canon retaliated against her in response to her EEOC discrimination charge: her pay was reduced by 50%, her job title was changed, and her top accounts were transferred to white male colleagues. Henson filed a second complaint with the EEOC on August 17, 2009. After receiving a Notice of Right to Sue from the EEOC on February 28, 2012, Henson timely

**STATEMENT**

filed suit in this Court on May 16, 2012. *See* 42 U.S.C. § 2000e-5e; *see also Tyson v. Gannett Co.*, 538 F.3d 781, 783 (7th Cir. 2008). Consequently, her claims are properly before this Court, but she must pay the filing fee to proceed.

Henson also moves for the appointment of counsel. Civil litigants in federal court do not have a statutory or constitutional right to be represented by counsel. *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?" *Id.* at 654-655. Henson states that she contacted four law firms but was unable to secure representation. The firms were either unable to take on new clients or requested a minimum $5,000 retainer fee which she could not afford. Although Henson made a reasonable effort to obtain counsel, she appears competent to litigate this case without representation. Henson holds a college degree and, based on her filings with the Court and the EEOC, is able to communicate clearly and effectively. The relevant facts of this case are familiar to her, and the legal issues of the case are not particularly complex. Consequently, Henson's motion for appointment of counsel is denied.

---

1. The Application to Proceed *In Forma Pauperis* specifically requests rental income received in the past twelve months. Henson provided that she received rental income of $1,500 per month until April 2011, which is more than thirteen months ago. However, the Court takes judicial notice that Henson simultaneously filed a retaliation claim against a different defendant in the Northern District of Illinois. *See Henson v. T-Mobile USA*, 12-C-03845 (N.D. Ill. May 17, 2012). In her motion to proceed *in forma pauperis* against that defendant, Henson reports that her rental income ceased in April 2012. This discrepancy is not dispositive because the Court denies her motion to proceed *in forma pauperis*, but Henson is advised that her applications constitute sworn affidavits before the Court.