# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3785 | **DATE** | 12/17/2012 |
| **CASE TITLE** | Henson vs. Canon | | |

**DOCKET ENTRY TEXT**

Accordingly, the Court denies Henson's motion for appointment of counsel. Henson's motion to proceed *in forma pauperis* is denied as moot.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Lisa Henson ("Henson") has filed a complaint against her former employer Canon Business Solutions, in which she alleges violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On May 16, 2012, Henson filed a motion for appointment of counsel. The Court denied this motion on June 26, 2012. In reaching its decision the Court applied the test created by the Seventh Circuit in *Pruitt v. Mote, see* 503 F.3d 647, 656 (7th Cir. 2007), and found that Henson should not be appointed counsel because: (1) she was not indigent; and (2) she appeared competent to litigate the case herself. (*See* Doc. 7.) The Court did find that Henson had made reasonable efforts to obtain counsel before moving for the appointment.

At the November 14, 2012 initial status conference, Henson re-raised her request for counsel. The Court directed Henson to file a supplemental motion for appointment of counsel that provides support for her statements that she is unable to afford counsel. After reviewing Henson's supplemental motion, the Court is satisfied that Henson is unable to afford counsel. The affidavit attached to Henson's motion shows that she is currently living off of unemployment insurance and her savings. It also shows that she is coping with significant medical bills. Paying for private counsel would likely prevent her from providing for life's necessities. *See, e.g., Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980).

However, Henson still fails to show that her case is too complex for her to litigate herself. Civil litigants in federal court do not have a statutory or constitutional right to be represented by counsel. *See Pruitt,* 503 F.3d at 656. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?" *Id.* at 654-55. While there are no fixed requirements for determining a plaintiff's competence to litigate her own case, the Court should consider "the plaintiff's literacy, communication skills, educational level and litigation experience." *Id.* at 655. Similarly,

|     | STATEMENT |     |
| --- | --- | --- |

"there are no hard and fast rules for evaluating the factual and legal difficulty of the plaintiff's claims...[t]he inquiry into plaintiff's competence and case difficulty is particularized to the person and case before the court." *Id.* at 656.

Here, Henson seems fully capable of litigating her claims herself. This suit is a relatively straightforward employment discrimination action. Henson is a college graduate. She has already adequately articulated her claims, participated in a scheduling conference and prepared motions seeking specific relief. She has shown that she is adept at navigating the Equal Employment Opportunity Commission complaint process. Because Henson is competent to litigate her own case and her claims for discrimination and retaliation are no more complicated than those in typical employment discrimination cases, the Court finds there is no need to appoint counsel at this time. *See Sherrill v. Potter,* 329 Fed. Appx. 672, 675 (7th Cir. 2009) (affirming district court's decision to deny motion for appointment of counsel because plaintiff's "claims for discrimination and retaliation were no more complicated than those in a typical employment discrimination case"). Accordingly, the Court denies Henson's motion for appointment of counsel.

Henson also filed an application to proceed *in forma pauperis.* However, the Court previously granted Henson's motion to proceed *in forma pauperis* on August 21, 2012. Therefore, this motion is denied as moot.